Keiton Smith
plaintiff

V.

Maxwell Harcourt, et al
Defendants

# United States District Court
## District of Nevada

Case # 2:23-CV-01897-RFB-EJY

**Plaintiff's Renewed Motion For Default Judgment Against Defendant Maxwell Harcourt pursuant To FED. R. CIV. P.U.N. 55(b)(2) Addressing All seven Eitel Factors, And Request For compensatory Damages, punitive Damages, costs, And Alternative Evidentiary hearing**

Introduction

plaintiff Keiton Smith, proceeding pro se, respectfully moves this Honorable court for entry of Default judgment against maxwell Harcourt pursuant federal Rule of civil procedure 55(b)(2)

This renewed motion is submitted in accordance with the court's previous order granting Plaintiff leave to refile his motion for Default judgment because his earlier motion did not adequately address the seven factors established in Eitel v. Mccool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff now expressly addresses each factor and Demonstrates why default judgment against Defendant Harcourt is appropriate.

This civil-rights action arises from Allegations of sexual misconduct committed by a correctional officer against an incarcerated individual during a purported institutional security search, as well as Allegations of unconstitutional retaliation.

plaintiff Alleges that Defendant Harcourt Abused his position of Authority by intentionally touching plaintiff's genital area in an inappropriate and sexually abusive manner during a pat search, accompanied by a sexally suggestive statement.

plaintiff futher Alleges that the incident violated his constitutional rights and caused substantial humiliation, emotional suffering, psychological distress, and loss of personal Dignity.

Rather than Dismissing or Abandoning the incident, plaintiff pursued institutional grievance procedures and reported the conduct under the Prison Rape Elimination Act (PREA).

plaintiff seeks a judgment based upon Defendant Harcourt's failure to defend the claims Against him, the clerks entry of default, the sufficiency of plaintiffs operative complaint, and the courts Application of the governing legal standards.

plaintiff does not contend that default automatically establishes entitlement to judgment or any particular Damages Award. Instead, plaintiff requests that the court exercise its discretion under Rule 55 and evaluate the well-pleaded Allegations, established procedural history, and supporting Evidence.

II. procedural History

1. plaintiff commenced this civil-rights Action pursuant to 42 U.S.C. §1983, Alleging Violations of rights secured by the United states constitution.

2. ON july 31, 2024 plaintiff filed his first Amended complaint, which became the operative pleading.

3. Following the mandatory screening review, plaintiff was permitted to proceed on constitutional claims Arising from the Alleged sexual misconduct and retaliation, as described in the courts screening order.

4. Defendant Maxwell Harcourt was served with process on or About February 11, 2025

5. Defendant's response to the operative complaint was due on or About march 3, 2025

6. Defendant Hardcourt failed to timely or otherwise defend the Action, And default was entered Against him. See (ECF 27)

7. ON or About june 3, 2025 plaintiff submitted his original motion For Default, judgment, requesting monetary relief for the constitutional violations Alleged Against Defendant Hard court! see (ECF 28)

8. The court subsequently determined that plaintiff's earlier Default judgment motion did not ADDress the seven factors that govern the discretionary entry of Default judgment AND permitted plaintiff to refile A properly supported Motion.

9. ON september 30th, 2026, the court Denied Defendant Cody castiglioni's motion For summary of judgment, ECF no. 38, permitting the relevant claims Against that Defendant to proceed in accordance with the courts order,

10. plaintiff submits this renewed motion Against Defendant harcourt individually, not As A request to impose Default Against Any Defendant who has Appeared AND Defended.

11. The relief requested is intended to comply with the courts prior instructions, Avoid inconsistent Adjudications, AND obtain A Determination of liability AND Appropriate DAmages Against the Defaulting judgment.

III. Legal standard.

Federal rule of civil procedure 55 establishes A TWO-step procedure for obtaining Default judgment.

First, Rule 55 (A) provides for entry of Default when A Defendant fails to plead or otherwise Defend.

Second, Rule 55 (b) (2) permits the court to enter Default judgment upon proper Application

The Decision to enter Default judgment remains within the courts discretion

in Eitel v. Mccool, 782 F.2d 1470, 1471-72 (9th cir. 1986), the ninth circuit identified seven factors relevant to that discretion.

1. The possibility of prejudice to the plaintiff;
2. The merits of the plaintiff's substantive claims;
3. The sufficiency of the complaint;
4. The amount of money at stake;
5. The possibility of a dispute concerning material facts;
6. Whether default resulted from excusable neglect, and
7. The strong public policy favoring decisions on the merits.

Upon entry of default, well pleaded factual allegations concerning liability are generally accepted as true, but allegations concerning damages are not automatically established. Geddes v. united financial Group, 559 F.2d 557, 560 (9th cir, 1977).

plaintiff addresses each factor below.

IV. Argument.

Factor one: plaintiff will suffer prejudice if default judgment is denied

The First Eitel factor strongly favors plaintiff

plaintiff alleges serious violations of his constitutional rights by Defendant Harcourt while plaintiff was incarcerated and under the authority and control of correctional personnel.

plaintiff was dependant upon prison officials for his immediate physical safety and institutional security. The alleged abuse therefore occurred in an enviorment where plaintiff was especially vulnerable to the misuse of official authority.

plaintiff pursued available institutional remedies and initiated this Federal civil-rights Action to obtain judicial relief.

Despite being served with process. Defendant Harcourt failed to defend the claims brought against him.

Without an appropriate default judgment or other determination of liability, plaintiff risks being left without an effective remedy against harcourt individually, despite pursuing this Action through the judicial process.

plaintiff has already expended substantial time and effort attempting to secure relief and has experienced prolonged litigation without resolution of the claims against the defaulting Defendant.

Further Delay Also risks impairing the availability of witnesses, memories, and evidence concerning the Alleged misconduct.

the denial of Default judgment under these circumstances would prejudice plaintiff by leaving serious constitutional claims unresolved Against A Defendant who has failed to participate.

Accordingly, the first Eitel factor favors default judgment.

Factor Two: plaintiffs substantive constitutional claim has merit.

The second Eitel factor Also favors Plaintiff.

plaintiffs primary claim against Harcourt Arises under the Eigth Amendment, which prohibits cruel and unusual punishment.

IN Bearchild V. Cobban, 947 F.3d 1130 (9th Cir. 2020), the Ninth Circuit recognized that sexual assault conduct by A correctional officer that is undertaken without legitimate penological justification may violate an inmate's Eighth Amendment rights.

plaintiff Alleged that Defendant Harcourt intentionally touched plaintiff's intimate body Areas during A pat-down search, including his genital Area

plaintiff further Alleges that Harcourt accompanied this conduct with A sexually suggestive statement substantially to the effect of, "what is this/that,"

When consider together, the Alleged intimate touching AND Accompanying statement support AN inference that the conduct was undertaken for sexual purposes rather than A legitimate security objective.

Plaintiff does not contend that routine correctional pat searches Are unconstitutional. Rather, plaintiff challenges the Alleged intentional misuse of A search AS AN opportunity for sexual misconduct.

The conduct Alleged exceeded ordinary professional correctional responsibilities AND implicates plaintiff's constitutional rights to be free from sexual Abuse by prison officials.

The court previously permitted the Eigth Amendment claim to proceed past screening, further supporting the legal sufficiency of the Allegations, Although screening Alone does not establish liability.

To the extent the operative complaint AND screening order establish A first Amendment retaliation claim Against Harcourt personally, plaintiff Also relies upon his Allegations that protected grievance or prea reporting Activity was followed by Adverse Action undertaken because of that protected Activity, without A legitimate correctional purpose.

See Rhodes V. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

plaintiff requests default judgment only on claims actually pleaded and authorized to proceed against Harcourt.

Because the well-pleaded allegations support a constitutional claim against defaulting Defendant, the second factor favors entry of judgment.

Factor Three: plaintiff's operative complaint sufficiently states a claim

The third Eitel factor favors plaintiff.

plaintiff's First Amended complaint identifies the defendant, describes the alleged misconduct, states the circumstances under which it occurred, and explains the constitutional rights allegedly violated.

The complaint sets forth facts concerning:

- The occurrence of a correctional pat search;
- The alleged intentional touching of plaintiff's intimate body areas;
- The accompanying sexually suggestive comment;
- The alleged absence of a legitimate security purpose for the sexual misconduct;
- plaintiff's institutional grievance and PREA reporting activity; and
- The injuries and constitutional harm for which plaintiff seeks relief.

These allegations provide factual content beyond a bare legal conclusion and identify the conduct forming tha basis of the Eigth Amendment claim

The court's prior screening determination permittes the relevant constitutional claims to proceed, demonstrating that plaintiffs allegations were not dismissed at the preliminary stage.

plaintiff acknowledges that screening does not eliminate the independant scrutiny required under Rule 55(b)(2). nevertheless, the operative complaint provides a sufficient factual basis to evaluate liability against Harcart.

The Third Eitel factor therefor favors default judgment.

Factor Four: The sum of money Requested is proportionate to the constitutional injuries Alleged.

The Fourt Eitel factor requires the court to consider the money at stake in relation o the seriousness of the misconduct and the supporting proof.

plaintiff seeks compensatory and punitive damages for the alleged intentional sexual misconduct, constitutional deprivation, emotional suffering, humiliation, and other egally compensable injuries.

plaintiff's request is not premised upon a claim that any constitutional violation automatically entitlement to a substantial monetary award.

Instead, plaintiff seeks compensation proportionate to the injuries established and culpability of Defendant Harcourt's punitive damages warranted by the nature and conduct.

plaintiff Requests:

A.) $50,000-150,000 jointly or severally, compensatory damages

These damages are sought for actual emotional and psychological injuries, mental anguish, humilation, dignitary harm insofar as legally compensable, and any other actual injuries adequately established by admissible evidence.

see Amended complaint (ECF no 8.), see Default judgment (ECF no. 28) see entry of Default entered 5,22,2025 (ECF 27).

plaintiff acknowledges the limitations imposed by 42 U.S.C. §1997e(e), including restrictions concerning compensatory recovery for mental or emotional injury without the required showing of physical injury.

B.) punitive Damages $150,000, or to be set by court, to punish Defendant Harcourt for egregious conduct and deter future violations by correctional staff.

punitive damages are requested on the ground that the alleged deliberate sexual misconduct, if established as pleaded, demonstrates an intentional or recklessly indifferent disregard for plaintiffs federally protected rights. see smith v. wade, 461 U.S. 30, 56 (1983).

plaintiff requests that the court consider the reprehensibility of the conduct, the actual or potential harm, and the constitutional limitations governing punitive-damages awards.

C.)
Nominal Damages $10,000 each defendant if liable in the alternative if the court finds a constitutional violation but determines that additional compensatory damages are unavailable or insufficiently established.

D.) Litigation costs
Recovery of the filing fee and other taxable costs actually paid by plaintiff, subject to 28 U.S.C § 1920, Rule 54(d), and other applicable law. plaintiff request immediate reimbursement in full for filing fee.

plaintiff request monetary relief only to the extent authorized by the operative complaint and federal Rule of civil procedure 54(c).

The Amount sought must be justified by the evidence, not merely by the entry of default.

Evidence in support

plaintiff incorporates by reference

- The Amended complaint (ECF No. 12)
- The prea report and greivance Documentation
- Training record showing Defendants' prea obligations.
- Affadivit of service (ECF No. 18)
- Clerks Entry of Default (ECF No. 27)

If the court Determines that Additional proof is necessary, plaintiff requests an Evidentiary hearing under Rule 55(b)(2) to establish the nature and extent of his injuries and any Appropriate Damages

The seriousness of the Alleged constitutional misconduct justifies meaningful consideration of compensatory and punitive relief, while the court retains Authority to determine the Amount supported by law and evidence.

Accordingly, the fourth factor does not Bar Default judgment.

Factor Five! The possibility of A genuine Dispute concerning material facts Does not Defeat Default judgment.

The fifth Eitel factor favors entry of judgment on Adequately pleaded claims.

Defendant Harwort was served but failed to submit A timely answer or otherwise defend the case.

Consequently, he did not place plaintiff's well-pleaded factual Allegations in dispute through A responsive pleading.

Under the principles governing default judgment, well-pleaded Allegations of liability are generally treated as admitted by the defaulting party.

plaintiff recognizes that the institutional prea investigation reportedly characterized the Allegations as "unsubstantiated."

However, an institutional investigative designation is not itself a judicial determination that the Alleged incident did not occur.

An unsubstantiated finding does not necessarily establish that plaintiff's constitutional Allegations Are false, nor does it substitute for an Adjudication under federal civil-rights law.

plaintiff further acknowledges that other participating defendants may contest related facts in this litigation.

For that reason, plaintiff does not ask the court to disregard inconsistent evidence or enter a judgment that would conflict with a necessary determination concerning a nondefaulting defendant.

Rather, plaintiff submits that Harcount's failure to defend supports the entry of default judgment insofar as his individual liability can be independently determined.

If the court concludes that an evidentiary hearing or deferral of final judgment is necessary to Avoid inconsistent Adjudications, plaintiff requests that relief in the Alternative.

The fifth factor therefore supports default judgment to the extent the claims and Alleged conduct Are independently Attributable to Harcount.

Factor six: There is no Established Excusable neglect justifying Defendant Harcourt's Default.

The sixth Eitel factor favors plaintiff on the presently identified record.

Defendant Harcourt was served with process on february 11, 2025.

His response was Due on or About March 3, 2025.

he failed to timely respond or otherwise defend, resulting in the clerk's Entry of default.

plaintiff is unaware of any order setting Aside Harcourt's default or any showing by Harcourt demonstrating that his failure to defend resulted from excusable neglect.

plaintiff Does not speculate regarding Defendant's personal reasons for failing to Answer.

Rather, plaintiff relies upon the docketed service and default history.

Absent a supported showing of mistake, inadvertence, excusable neglect, or another legally recognized basis for relief, defendant's failure to defend weighs in favor of default judgment.

Factor seven: The policy favoring decisions on the Merits Does not outweigh the other factors.

plaintiff acknowledges that federal courts strongly favor resolving disputes on their merits

This policy is an important consideration under the seventh Eitel factor and ordinarily weighs against default judgment. Nevertheless, that policy is not absolute.

Rull 55 expressly authorizes default judgment under appropriate circumstances, recognizing that parties cannot indefinitely prevent resolution simply by declining to defend.

Here, plaintiff filed an operative complaint, obtained service, pursued default procedures, and requested judicial review of the claims,

It was Defendants Harcourts failure to defend, rather than plaintiffs refusal to pursue a merits determination, that prevented ordinary litigation of the claims against him.

The court may still assess whether the complaint establishes liability, examine the evidence, determine damages, and protect the procedural rights of all parties.

Thus, although the seventh factor ordinarily disfavors default, it does not overcome the cumulative weight of the factors supporting plaintiffs request.

VI. The institutional Prea Finding Does not Conclusively Resolve plaintiffs constitutional claim

plaintiff acknowledges that the institutional Prea investigation conducted by Investigator Castiglioni reportedly closed the allegation as unsubstantiated

That Administrative classification, however, must be distinguished from a federal judicial determination of constitutional liability.

An Administrative decision concerning whether evidence sufficiently substantiated a Prea Allegation does not automatically foreclose an independent civil action under 42 U.S.C §1983

plaintiffs Eigth Amendment claim is governed by constitutional standards and the facts properly established in this litigation.

Further, prea does not independently create a private federal damages cause of action. plaintiff relies on his constitutional claims under Section 1983, rather than asserting prea itself as an independent claim for damages.

plaintiff reporting of the incident, the investigative materials, and the Alleged statements and Actions of Defendant Harcourt remain relevant to the extent permitted by applicable evidentiary rules.

plaintiff requests that the court examine the constitutional Allegations independently of the administrative terminology used in the prea closure.

VI. compensatory Damages, punitive Damages, and Litigation costs

The purpose of an Award under 42 U.S.C §1983 include compensating proven injuries caused by constitutional misconduct and, when legally justified, punishing and deterring especially culpable wrongdoing.

plaintiff Alleges that Harcourt's conduct inflicted substantial humiliation, fear, emotionally suffering, mental anguish, and loss of personal security.

plaintiff further Alleges that the incident was particularly harmful because it was committed by An officer exercising custodial Authority.

plaintiff request the opportunity to establish those injuries through sworn testimony, Available records, witnesses, and other admissible evidence.

plaintiff Also requests punitive damages if the court finds that Harcourt's conduct satisfies the standard of evil motive or intent, or reckless or callous indifference to federally protected rights, articulated in Smith v. wade, 461 U.S. 30 (1983).

punitive damages should be individually assessed against Harcourt and supported by an appropriate factual record.

plaintiff further Asks the court to Award recoverable litigation costs, including any qualifying filing-fee expense.

plaintiff is not requesting an automatic refund of the filing fee from the clerk of court; instead, he requests that recoverable costs be Assessed in accordance with applicable law.

To the extent plaintiff proceeded in forma pauperis and any filing fee balance remains unpaid, plaintiff request only the treatment of such costs authorize by law.

plaintiff does not seek Attorney fee's for representing himself.

Tax free Award
plaintiff respectfully request that Any Award be designated As NON-TAXABLE compensatory damages And such, under applicable federal TAX laws And, not

Subject to IRS reporting, as it arises from physical and emotional injury (§104 (a)(2) of the internal Revenue code.

VII. Alternative Request for Evidentiary Hearing and preservation of the Default.

Should the court determine that plaintiff has adequately established liability but needs additional evidence concerning the appropriate amount of damages, plaintiff requests a hearing under Rule 55(b)(2).

At such hearing, plaintiff requests an opportunity to provide sworn the incident, injuries, testimony and properly admissible evidence concerning and damages.

Alternatively, should the court determine that entry of a final default judgment Against Harcourt must be deferred pending resolution of claims involving Defendant litigation or related appellate proceedings, plaintiff requests that the court preserve the existing entry of default against Harcourt, subject to any proper motion to set it aside, and reserve the question of damages for later determination such an approach would avoid unnecessary inconsistent judgments while preserving plaintiffs right to seek relief against the defaulting defendant plaintiff further request that any deferral be limited to what is legally the default-judgment motion as abandoned. necessary, rather than treating

VIII. Conclusion

For the foregoing reasons, plaintiff Keiton Smith respectfully submits/request that this Honorable court.

1. Accept this reviewed motion as plaintiffs response to the court's direction that the seven Eitel factors be addressed;

2. Find that the applicable Eitel factors, viewed together, support default judgment against Defendant maxwell Hardcourt;

3. Grant default judgment pursuant to federal Rule of Civil Procedure 55(b)(2) on each properly pleaded claim against Harcourt for which judgment is legally warranted;

4. Award compensatory damages in an amount established by competent evidence and permitted by plaintiff's operative pleading;

5. Award punitive damages in an amount supported by the evidence, applicable law, and constitutional limitations;

6. Award, in the alternative, nominal damages of $ if a constitutional violation is established but compensatory damages cannot be awarded;

7. Award recoverable litigation costs, including qualifying filing-fee expenses, as permitted by law;

8. Conduct an evidentiary hearing pursuant Rule 55(b)(2), if necessary, to establish damages or other required matters;

9. Alternatively, if the court finds that an immediate judgment would be premature because of claims against another defendant or pending appellate proceedings, preserve the clerk's entry of default and defer the final judgment determination until the procedural impediment is resolved; and.

10. grant such further relief as this court deem's just and proper, consistent with the operative complaint and applicable law.

plaintiff respectfully submits that intentional sexual misconduct by a correctional officer presents a serious constitutional matter warranting careful judicial consideration.

The court's evaluation of the seven Eitel factors provides an appropriate basis for resolving Defendant Harcourt's default while safeguarding the intergrity of the judicial process.

I respectfully submit this motion to the court and asked that my motion be granted Dated

10th November, 2026

Submitted by: Keiton Smith

Signature: [signature]

# Certificate of Service

I, Keiton Smith, herby certify that I Am the petitioner in this matter AND I Am Representing myself propria persona.

On this Day 2nd November [redacted], 2026 I served copies of the motion plaintiff renewed default judgment Against Def. maxwell hardcourt, pursuant to fed R. Civ. P. Civ. 55(b)(2) Addressing All seven Eitel factors, AND requesting for compensatory damages, punitive damages, costs, Alternative Evidence hearing IN CASE #: 2:23-CV-01897-RFB-EJY AND placed said Documents in the United states first class postage/prepaid/Addressed As follows.

E-File

## Declaration under penalty of perjury

The Undersigned Declares under penalty of perjury that he is the petitioner in the Above-entitled Action AND he has read the certification of service AND the information therein is true AND correct. Executed pursuant to 28. U.S.C § 1746 AND 18 U.S.C § 1621 At NNCC on October 28th, 2026